# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| § | **CRIMINAL NO. 4:19-CR-122-SDJ-KPJ-1** |
| **v.** § § | |
| **JORGE ALBERTO MIRANDA-** § | |
| **ESCOBEDO (1)** § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 30, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Ernest Gonzalez.

On November 22, 2019, United States District Judge Sean D. Jordan, sentenced Defendant to a term of twenty-one (21) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 24. On October 29, 2020, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 27.

On October 21, 2021, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 27). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or local crime; and (2) Defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason re-

1

enter the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within seventy-two (72) hours of release by immigration officials or re-entry into the country. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On or about October 10, 2021, a police officer with the Idaho Falls Police Department in Idaho Falls, Idaho had contact with Defendant during a routine traffic stop. This law enforcement contact occurred after Defendant was previously deported from the United States on or about October 29, 2020. This is in violation of Title 8 U.S.C. § 1326 (a) and (b).

- Additionally, Defendant failed to report to the U.S. Probation Office within seventy-two (72) hours of re-entry into the country.

On November 30, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 34. Defendant entered a plea of true to allegation two, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 34, 35. The Government moved to withdraw allegation 1, which the Court granted. *See* Dkt. 34. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 30, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, followed by two (2) years of supervised release under the same conditions previously imposed including both standard and special conditions. The Court recommends that Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 30th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE